TAYLOR *et al.*, Respondents, *vs.* WILBURN *et al.*, Appellants.

1. Where a will is impeached for undue influence exercised over the weak intellect of the testator, the inquiry is, not merely whether an undue influence was exerted *at the time* of the execution of the will, but whether an undue influence had been acquired, and operated upon the testator in the disposition of his property.

### *Appeal from Montgomery Circuit Court.*

This was a proceeding commenced in the Callaway Circuit Court to vacate the will of John Wilburn, previously admitted to probate in the county court, on the grounds of his alleged mental incapacity to make a will, and of undue influence exercised by his wife over his weak intellect.   The petitioners were his daughters and their husbands, and Sinclair Wilburn, one of his sons.   The statutory issue was made and tried by a jury, who could not agree upon a verdict.   Another trial was had, and resulted in a verdict against the validity of the will.   A new trial being granted, a change of venue was taken to the Circuit Court of Montgomery county, where a trial was had at the October term, 1852, which resulted in another verdict against the will.

At the trial, the petitioners read in evidence the will, dated October 27, 1847, executed in due form, and attested by three subscribing witnesses.   The testator devised all his real estate to his wife, during her life, and after her death, to John and Robert, his two youngest sons and their heirs forever, and all his personal estate to his wife absolutely.

There was evidence tending to show that, for many years before Wilburn's death, he was in a weak state of mind, incapable of properly managing his own affairs, and controlled by his wife in all his business transactions, and that he never made a bargain or trade without her advice and consent. There was evidence of declarations made by Mrs. Wilburn, before the death of her husband, that some of the petitioners should not get any of his property. There was evidence that Wilburn said, after the execution of his will, that he had given all his property to his wife during her life, but that if he had had his own way, he would have given a slave to each of his daughters. Witnesses, who had observed the unusual influence exerted over Wilburn by his wife, gave it as their opinion that he was not capable of making his own will. On the other hand, there was evidence tending to show that Wilburn, though not a man of strong mind, was capable of managing his own affairs, and had accumulated a large property by his thrift as a farmer; that he made close bargains and was watchful of his own interests. Cave, one of the subscribing witnesses, testified that Wilburn came to him while attending court, and asked him to come to his house and write his will. It was written in the presence of Wilburn and his wife. Mrs. Wilburn did not direct or dictate how the will should be written. After it was written, it was read over, and Wilburn asked his wife if it was right, to which she replied that it was. Witness thought that Wilburn was in his right mind, and capable of making his own will.

The court gave the following instructions asked by the petitioners:

1. Unless the jury believe from the evidence that John Wilburn was of a sound mind, at the time he executed the instrument purporting to be his will, they will find the issue for plaintiffs.

2. If the jury believe from the evidence that the mind of John Wilburn was so impaired by sickness, age, or any other cause, at the time of executing said instrument, as to subject him to the dominion and control of his wife, and that she ex-

ercised such a power and control over his mind, in the disposition of his property by said instrument, as to destroy his liberty and free agency, and cause it to be made to suit her purposes and not his, then they will find the issue for the plaintiffs.

3. Although unsoundness of mind and undue influence are neither to be presumed in the absence of proof, yet each may be inferred and established by circumstances, such as the acts, words, condition, relation and circumstances of the parties, each to the other.

11. If the jury believe from the evidence, that Mary Wilburn procured the making of the instrument in question by John Wilburn by threats or frequent importunities, which, on account of his weakness and infirmity of mind, he could not resist, and for the sake of peace, yielded to her wishes and made it different from what he had intended and would have done but from that influence, then they must find that it is not the will of John Wilburn.

Other instructions asked on behalf of the plaintiffs were refused. All the instructions asked by the defendants were given. By the first, the jury were directed to establish the will, unless they believed the testator was of unsound mind when he executed it, or that he executed it through the undue influence of his wife.

After a verdict against the will, the defendants appealed to this court.

*Thomas Ansell,* for appellants, upon the whole case cited the following authorities : *Stewart's Ex'rs* v. *Lispinard,* 26 Wend. 255. *Rambler* v. *Tryon,* 7 Serg. & Raw. *Kinne* v. *Kinne,* 2 Conn. 102. 2 B. Monroe, 109. Jarman on Wills, 36–7–8–9, 50–1–2–3. 4 Wash. C. C. R. 262. 2 Starkie's Ev. 1275, notes. 1 Iredell, 209. *Brown* v. *Miller,* 3 Wharton's Rep. 2 Greenl. Ev. §688 note 5. 4 Greenl. Rep. 220–3. 1 Harrington, 451 *et seq.*

*Sheley, Jones & Jamison,* for respondents, cited 1 Rich. Law Rep. 84. 1 Speer's Rep. 101, 108. 1 Jarman on Wills,

Taylor *v.* Wilburn.

36–40. 7 Serg. & Raw. 92. 9 B. Monroe, 30. 5 Gill & J. 269. 9 Grattan, 333. 1 Cox, 355. 1 Story's Eq. §222, 234, 237–8.

Scott, Judge, delivered the opinion of the court.

There is no doubt but that the burden of proof in this case was upon the petitioners or plaintiffs. They did not deny the execution of the will, but set up such weakness and infirmity of intellect, caused by sickness and age, as rendered the testator not of a sound and disposing mind, and such an influence exercised over him as vitiated his will. But in making this admission, we cannot see any consequence resulting from it injurious to the plaintiffs by reason of the first instruction given at their instance by the court. That instruction directs the jury to find for the plaintiffs, unless they believe from the evidence that John Wilburn was of sound mind at the time of making his will. Now this instruction did not relieve the petitioners from the burden they had assumed of showing insanity in the testator. The instruction is to the effect that the insanity of the testator must be shown by the plaintiffs in order to obtain a verdict. To say that the act of a man is void, unless he was of sound mind when he performed it, is the same thing as to say the act of a man of unsound mind was void. When the objection to the validity of a will is the insanity of the testator, it is generally sufficient to show that he was of a sane mind at the time of its execution. But where a will is impeached for undue influence exercised over a weak intellect, and that too, by one holding the close and constant relationship of a wife, it is not sufficient to show that the testator was not under restraint at the moment of the execution of the will. Such is the nature of the human mind, that when it has been habituated to the influence of another, it will yield to that influence and suffer it to have its effect, although the person in the habit of its exercise may not be present or exert it at the time an act is done. So that the inquiry, in such cases, is not whether an undue influence was exerted at the time of the execution of the will, but whether an

influence had been acquired, and did operate in the disposition of his property by the testator.

After one mis-trial and two verdicts against the will, this court would scarcely be warranted in pronouncing that the facts assumed in the second and eleventh instructions of the plaintiffs, were not warranted by the evidence. The first instruction given for the defendants was broader than the first given for the plaintiffs, but, so far as they relate to the question of the sanity of the testator, there was no inconsistency between them. This is sufficiently apparent from the considerations above stated. Nor is there any contrariety between the plaintiffs' first, and third instructions.

As the evidence warranted the instructions given for the plaintiffs, and as all the instructions asked by the defendants were given, which fully explained the nature of the influence to be exerted, in order to invalidate a will, and as there have been one mis-trial and two verdicts against the will, we are satisfied that no advantage would ultimately result to the defendants from disturbing the judgment of the court below.

Judge Ryland concurring, the judgment will be affirmed.